IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILSON LOPEZ,** | : | **CIVIL ACTION NO. 1:20-CV-1285** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT SPAULDING,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to be considered for release to a residential reentry center ("RRC") or directly to home confinement. (Doc. 1.) Respondent initially filed an answer arguing that the petition was moot because petitioner had received all process due to him including consideration for release to an RRC. (Doc. 6.) Respondent also argued that the court lacked jurisdiction over petitioner's request for release to home confinement. (See id. at 7.) Petitioner has filed no reply, and according to the Bureau of Prisons' Inmate Locator, petitioner has been released from custody.

In light of petitioner's consideration for release to an RRC as well as his subsequent release from confinement, this case is now moot and must be dismissed. Article III of the Constitution provides that the judicial power of the United States shall extend only to "cases" and "controversies." See U.S. CONST. art. III; see also Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (noting that "federal courts may adjudicate only actual, ongoing cases or controversies"). "A case becomes moot— and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable

interest in the outcome.'"  Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)).  "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'"  See Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010) (quoting County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001)).

    Here, petitioner has received the relief that he was requesting—both consideration for entry into an RRC as well as release from confinement.  Because the court can grant no further relief requested by petitioner, the petition is now moot and must be dismissed.

    For the reasons set forth above, the petition will be dismissed as moot.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      April 13, 2021